**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4816

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN DIAZ-CEBALLOS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00144-CCE-1)

Submitted: March 18, 2019                                      Decided: April 3, 2019

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Veronica L. Edmisten, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Diaz-Ceballos pleaded guilty to illegal reentry, in violation of 18 U.S.C. § 1326(a), (b)(1) (2012). The district court sentenced Diaz-Ceballos to 11 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Diaz-Ceballos argues that the sentence is substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir. 2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *White*, 810 F.3d at 230 (internal quotation marks omitted).

Here, Diaz-Ceballos has not challenged the district court's calculation of the Guidelines range, consideration of that range or the statutory factors, or explanation for the sentence on appeal. With respect to the substantive reasonableness of the sentence, we have reviewed the record and conclude that Diaz-Ceballos has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*